## Commonwealth *v.* Keiser, Appellant.

Submitted January 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

68

*Malcolm J. Gross,* Assistant Public Defender, for appellant.

*Wardell F. Steigerwalt,* Assistant District Attorney, and *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 28, 1970:

On September 26, 1967 appellant entered a plea of guilty to a charge of murder. A subsequent degree of guilt hearing resulted in a finding that appellant had committed murder in the second degree, and in the imposition of a ten to twenty year sentence. In April of 1969 appellant filed a PCHA petition which alleged, inter alia, that his guilty plea was not knowingly and intelligently entered because he was not informed of his constitutional rights and because he was in a state of "altered consciousness" at the time he entered the plea. Counsel was appointed, hearing was held, and relief was denied.

The colloquy recorded at the time appellant entered his plea and the testimony of his trial counsel at the PCHA hearing fully support the hearing court's conclusion that appellant's plea was knowingly and intelligently given. Before the trial court accepted appellant's plea the trial judge and the district attorney questioned him extensively, explaining the nature and elements of the crime with which he was charged, the procedure that would be followed, and the possible punishment. And at the PCHA hearing, appellant's trial counsel testified that he had discussed with appellant the alternatives to the entry of a guilty plea and had informed him of his constitutional rights, including the right that appellant now specifically asserts that he was unaware of, the right to a trial by jury.

Appellant's claim that he was in a state of "altered consciousness" at the time he entered the plea is like-

wise refuted by the testimony adduced at the PCHA hearing. His own attorney stated that he was unable to remember any unusual aspects in appellant's emotional makeup at the time of the plea entry, and appellant introduced no evidence other than his own assertion that he was upset and unaware of what he was doing.

Since the record amply supports the conclusions of the hearing court, we affirm.